/

United States District Court
Southern District of Texas
FILED

NOV 0 8 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | B-01-185 |
| v. | § | CIV. NO. B-01- |
| | § | |
| NINETEEN THOUSAND FIVE HUNDRED DOLLARS | § | |
| ($19,500.00) IN UNITED STATES CURRENCY | § | |
| Defendant. | § | |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES the United States of America, Plaintiff, by and through its attorneys GREGORY A. SERRES, United States Attorney, and RONALD G. MORGAN, Assistant United States Attorney, and in support of this Complaint for forfeiture in rem states as follows:

1. This is a civil action in rem brought to enforce the provisions of 21 U. S. C. § 881(a)(6) for the forfeiture of the Defendant Currency which was used or intended to be used in exchange for controlled substances or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. On or about July 3, 2001, the Defendant Currency was seized in Cameron County, Texas, within the jurisdiction of this Court, by law enforcement agents.

4. On or about July 3, 2001, at approximately 4:00 p.m., a Federal Bureau of Investigation special agent and a violent crime task force officer observed George Rangel

Rodriguez ("Mr. Rangel") and Victoriano Contreras ("Mr. Contreras") transferring packages from a tractor trailer truck to a Nissan Pathfinder. The tractor trailer was parked in the HEB parking lot at the intersection of FM 802 and Paredes Line Road, in Brownsville, Texas.

5. Because of the suspicious nature of the activity, given the absence of any legitimate delivery to the grocery store, the agents contacted the Brownsville Police Department. A traffic stop was effected upon the Pathfinder, because the Pathfinder was improperly displaying dealer tags.

6. During the traffic stop, the driver of the vehicle, Mr. Rangel, whose wife is the registered owner of the vehicle, consented to a search of the vehicle. During the search, under the passenger seat occupied by Mr. Contreras, the police discovered a package wrapped in clear cellophane or plastic "shrink wrap."

7. When the police asked Mssr. Rangel and Contreras as to whether either owned the package or knew to whom the package belonged, both Mr. Rangel and Mr. Contreras denied any possessory or ownership interest in or knowledge of the package.

8. At approximately 4:45 p.m., a drug dog was brought to the scene of the traffic stop. The dog assisted in the search of the vehicle. The dog alerted to the scent of a controlled substance on the package found in the Pathfinder under Mr. Contreras's seat.

9. The package was later opened and discovered to contain the defendant currency. The package containing the defendant currency was comprised of three smaller packages, each individually wrapped in cellophane plastic. One bundle of cash contained $7,700 in United States currency comprised of ten $100 bills, 334 $20 bills and two $10 bills. A second bundle

contained $1000 in United States currency comprised of five $100 bills and twenty-five $20 bills. The third bundle contained $10,800 in United States currency comprised of thirty-three $100 bills, fourteen $50 bills, three hundred twenty-five $20 bills, twenty-eight $10 bills and four $5 bills.

10. After the discovery of the package under Mr. Contreras's seat, Mr. Rangel consented to a search of his residence. At the residence, the officers encountered Nelda Tovar Rangel ("Mrs. Rangel").

11. The officers informed Mrs. Rangel about the defendant currency being found in the vehicle registered in her name and driven by Mr. Rangel. Mrs. Rangel disclaimed any knowledge of the defendant currency. Mrs. Rangel further informed the officers that she did not believe that her husband should be in possession of such an amount of currency and did not know where the defendant currency could have come from.

12. Both Mr. Rangel and Mr. Contreras had outstanding warrants for failures to appear against them and were taken into custody. While at the police station, both Mr. Rangel and Mr. Contreras executed written disclaimers to the defendant currency. In those disclaimers, both Mr. Rangel and Mr. Contreras stated that they had completely read or had explained to them the nature and terms of the disclaimer and that each fully understood and accepted the disclaimer.

13. A records check revealed that in 1996, Mr. Rangel was convicted of felony possession of more than five pounds, but less than 50 pounds, of marihuana. This conviction was confirmed by Mrs. Rangel at the time of the search of her residence.

14. Upon information and belief, the Government avers that drug proceeds and funds

used to facilitate drug transactions are often wrapped in cellophane shrink wrap, to minimize the odor given off by currency that has been kept in close proximity to controlled substances.

15. Further, upon information and belief the Government avers that transactions for controlled substances are often conducted using large amounts of cash in predominantly small denomination bills.

16. Further, the Government avers that a review of the tax records provided by Mr. and Mrs. Rangel, indicates that the total income reported by Mr. and Mrs. Rangel for the years 1998, 1999, and 2000 are $26,270; $14,904 and $31,836, respectively.

17. On September 12, 2001, Mr. and Mrs. Rangel, through the law offices of Santiago Galarza, filed a claim and petition for remission and mitigation. In that claim, despite earlier admissions that neither Mr. nor Mrs. Rangel had either any claim to ownership or knowledge as to the source of the defendant currency, Mr. and Mrs. Rangel now claim that they own the defendant currency.

18. The evidence establishes by a preponderance that the Defendant Currency is forfeitable to the United States as set forth in Title 21, United States Code, Section 881(a)(6).

19. The Defendant Currency was used, or intended to be used, in exchange for a controlled substance, or represents proceeds of trafficking in a controlled substance or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays:

1.  Monition issue according to the normal procedure of this Court citing all persons having an interest in the above described Defendant Currency to appear on the return day of process by filing a claim and answer pursuant to Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by the Court;

2.  That Warrant of Seizure issue to the United States Marshal commanding him to seize the Defendant Currency;

3.  That judgment of forfeiture to the United States be decreed against the Defendant Currency; and

4.  For costs and such other and further relief to which plaintiff may be entitled.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By: *[signature]*
RONALD G. MORGAN
Assistant U. S. Attorney
Federal Bar No. 23902
TX Bar No. 00795014
600 East Harrison, # 201
Brownsville, Texas 78520
Tel No. (956) 548-2554
Fax No. (956) 548-2711

5

## VERIFICATION

I, <u>Barry W. Ross</u>, upon oath declare and say that:

1. I am a Special Agent with the Federal Bureau of Investigation and I am one of the agents responsible for the investigation concerning this litigation.

2. I have read the above Complaint for Forfeiture.

3. I have furnished the information leading to the allegations contained in the Complaint for Forfeiture.

4. Based on my investigation, the information and allegations contained in the Complaint for Forfeiture are true and correct and establish by a preponderance of the evidence proof to seize and forfeit the Defendant Currency as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th Day of October, 2001.

_____
BARRY W. ROSS
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this the 30th day of October, 2001.

BELIA V. ZEPEDA
MY COMMISSION EXPIRES
January 4, 2005

_____
Notary Public for the States of Texas

My commission expires on 1/04/2005.

B -01-185

‎40 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

V.

NINETEEN THOUSAND FIVE HUNDRED DOLLARS
($19,500.00) IN UNITED STATES CURRENCY

SUMMONS IN A CIVIL CASE

CASE NUMBER: B -01-185

TO: (Name and address of defendant)

Santiago Galarza
Claimants' Counsel
700 Paredes Ave., Suite 206
Brownsville, TX 78521

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ronald G. Morgan
Assistant U.S. Attorney
600 E. Harrison Street, #201
Brownsville, TX 78520

nswer to the complaint which is herewith served upon you, within __twenty (20)__ days after ce of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken ıst you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a onable period of time after service.

Michael N. Milby, Clerk

DATE November 8, 2001

DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

V.

NINETEEN THOUSAND FIVE HUNDRED DOLLARS ($19,500.00) IN UNITED STATES CURRENCY

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-01-185

TO: (Name and address of defendant)

George Rangel
1900 Coffeeport, Apt. L3
Brownsville, TX 78521

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ronald G. Morgan
Assistant U.S. Attorney
600 E. Harrison Street, #201
Brownsville, TX 78520

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

November 8, 2001

DATE

(BY) DEPUTY CLERK

440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN ——————— DISTRICT OF ——— TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA | SUMMONS IN A CIVIL CASE |
| V. | CASE NUMBER: **B-01-185** |
| NINETTEN THOUSAND FIVE HUNDRED DOLLARS ($190,500.00) IN UNITED STATES CURRENCY | |

TO: (Name and address of defendant)

Nelda Rangel
1900 Coffeeport, Apt. L3
Brownsville, TX 78521

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ronald G. Morgan
Assistant U.S. Attorney
600 E. Harrison Street, #201
Brownsville, TX 78520

answer to the complaint which is herewith served upon you, within ___**twenty (20)**___ days after vice of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken ainst you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a asonable period of time after service.

Michael N. Milby, Clerk

DATE December 8, 2001

ERK

(By) DEPUTY CLERK

# WARRANT OF SEIZURE AND MONITION
## UNITED STATES DISTRICT COURT
for the
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

**To the United Marshals Service or any designated agent:**

**WHEREAS,** on this day, a Complaint for Forfeiture was filed in the United States District Court for the Southern District of Texas, by GREGORY A. SERRES, United States Attorney for said district, on behalf of the United States of America, against the following described property:
NINETEEN THOUSAND FIVE HUNDRED DOLLARS ($19,500) IN UNITED STATES CURRENCY
and praying that all person interested in said goods, wares, and merchandise may be cited in general and special, to answer the premises; and due proceedings being had, that the said goods, wares, and merchandise may, for the causes in said Complaint mentioned, be condemned as forfeited to the use of the United States.

**YOU ARE THEREFORE HEREBY COMMANDED** to attach the said goods, wares, and merchandise, and to detain the same in your custody until further order of said Court respecting the same; and to give notice by publication in the LOCAL NEWSPAPER to all persons claiming the same, or knowing or having anything to say why the same should not be condemned as forfeited to the use of the United States, pursuant to the prayer of said Complaint, that they be and appear before this Court, at the City of Brownsville within the (30) days after giving of publication notice, if the same shall be a day of jurisdiction thereafter, then and there to interpose a claim for the same and to make their allegations in that behalf and that they shall file and serve their answers within (20) days after the filing of said claims. And what you have done in the premises, do you then and there make return thereof, together with this writ.

| WITNESS THE HONORABLE | UNITED STATES DISTRICT JUDGE AT: |
|---|---|
| Hilda G. Tagle | BROWNSVILLE, TEXAS |
| DATE: 11-8-01 | CLERK: MICHAEL N. MILBY <br> BY DEPUTY CLERK: _[signature]_ |

RETURNABLE ___ DAY AFTER ISSUE.

## SERVICE RETURN

| DISTRICT: | DATE THE WRIT WAS RECEIVED AND EXECUTED |
|---|---|
| U.S. MARSHAL | BY DEPUTY MARSHAL: |